UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES PAUL JOSEPH,

     Plaintiff,

v.

GARY MINIARD, *Warden*,

     Defendant.

Case No. 23-10121
Honorable Laurie J. Michelson

---

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS [1]**

---

On May 16, 2019, a Genesee County jury convicted James Paul Joseph of domestic violence in violation of Mich. Comp. Laws § 750.81(2) for assaulting his wife. Because Joseph had two or more domestic violence convictions, the trial court sentenced him to two to five years' imprisonment in accordance with Mich. Comp. Laws § 750.81(5). Joseph has since served his sentence and been discharged from the custody of the Michigan Department of Corrections.[1]

On January 17, 2023, Joseph filed a habeas petition under 28 U.S.C. § 2254. (ECF No. 1.) The sole exhausted claim raised by his petition is that his due process rights were violated when the prosecutor increased his misdemeanor domestic

---

[1] *See* Michigan Department of Corrections, *Offender Tracking Information System*, https://perma.cc/W756-WHTZ, (last accessed March 4, 2026). The Court determines that Joseph's release does not render the petition moot, given the collateral consequences that flow from a criminal conviction. *See Gentry v. Deuth*, 456 F.3d 687, 693–95 (6th Cir. 2006); *Green v. Arn*, 839 F.2d 300, 302 (6th Cir. 1988).

violence conviction to a felony and the state court enhanced his sentence under Mich. Comp. Laws § 750.81(5). Because the claim is without merit, Joseph's petition is DENIED.

## I.

The Court recites the facts as provided by the Michigan Court of Appeals, which are presumed correct on habeas review. *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009) (citing 28 U.S.C. § 2254(e)(1)).

> On August 17, 2018, several physical altercations occurred between defendant and LJ, his wife. Defendant and LJ disputed the extent and nature of these altercations at trial, with defendant arguing that he was defending himself from LJ's attacks. Defendant was originally charged with aggravated domestic violence, MCL 750.81a(2)2, as well as first-degree criminal sexual conduct, MCL 750.520b(1)(f) (actor causes personal injury to victim and force or coercion is used to accomplish sexual penetration), and assault with intent to do great bodily harm less than murder, MCL 750.84. After the close of proofs, the jury was instructed that, instead of aggravated domestic violence, it was permitted to find defendant guilty of the lesser-included offense of domestic violence, MCL 750.81(2). Defendant did not object to this instruction. The jury returned its verdict and found defendant guilty of the lesser-included offense of domestic violence, and it acquitted him of the other charges. After the jury's verdict, the prosecution informed the trial court that, in light of his multiple prior convictions for domestic violence, defendant was guilty under MCL 750.81(5), domestic violence, third offense, which is a five-year felony. Defendant objected, arguing that he was unfairly surprised and prejudiced by the prosecution's late actions in requesting the lesser-included offense instruction and in not amending the information before trial to include notice of the possibility of a sentencing enhancement under MCL 750.81(5). Defendant essentially contended that enhancing the penalty for his domestic violence conviction circumvented the jury's verdict, arguing that the jury intended to convict defendant of a misdemeanor, not a felony, and that his due-process rights were violated by the sentence enhancement. The trial court overruled defendant's objection, and sentenced him as described.

*People v. Joseph*, No. 349734, 2020 WL 7754337, at *1 (Mich. Ct. App. Dec. 29, 2020).

2

Joseph appealed his conviction and sentence to the Michigan Court of Appeals, raising one issue: that his due-process rights were violated when the trial court applied Mich. Comp. Laws § 750.81(5) to enhance his sentence. *Id.* That court rejected his argument and affirmed Joseph's conviction and sentence. *Id.* at *1–3.

Joseph then filed an application for leave to appeal in the Michigan Supreme Court, asserting three additional claims: (1) that the trial court violated his right to confront his accuser during his preliminary examination, (2) that the state admitted evidence from a previously dismissed case to support his conviction, and (3) that the state improperly added a new charge of misdemeanor domestic violence late into the trial. (ECF No. 1, PageID.2–3.) On January 4, 2022, the Michigan Supreme Court denied Joseph leave to appeal. *People v. Joseph*, 967 N.W.2d 620 (Mich. 2022).

On January 17, 2023, Joseph filed a petition for a writ of habeas corpus in this Court. (ECF No. 1.) The petition sought habeas relief on the following grounds: (1) following a trial conviction for misdemeanor domestic violence, the prosecutor unconstitutionally enhanced the charge to a felony; (2) the state trial court failed to allow Joseph the opportunity to cross-examine his accuser at the preliminary examination; (3) the state trial court admitted evidence from a previously dismissed case, prejudicing the jury; and (4) the state improperly added a new domestic violence charge late into the trial. (*Id.* at PageID.5–10.)

On July 24, 2023, the Court notified Joseph of its plan to dismiss the three unexhausted claims in his petition. (ECF No. 9.) On August 22, 2023, Joseph filed a motion to stay the habeas proceedings while he fully exhausted his claims in state

court. (ECF No. 10.) The Court denied the motion to stay and dismissed Joseph's three unexhausted claims. (ECF No. 11, PageID.854.) Thus, the sole remaining claim in the present petition is Joseph's claim that the state court unconstitutionally applied a domestic violence sentence enhancement to his misdemeanor domestic violation conviction. (ECF No. 11, PageID.859–860.) The Respondent filed an answer contending that the claim lacks merit. (ECF No. 14.)

## II.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") "confirm[s] that state courts are the principal forum for asserting constitutional challenges to state convictions." *Harrington v. Richter*, 562 U.S. 86, 103, 131 (2011); *see also Cullen v. Pinholster*, 563 U.S. 170, 182 (2011). Thus, if a claim was already "adjudicated on the merits in State court," this Court cannot grant relief on the basis of that claim unless the habeas petitioner "show[s] that the relevant state court 'decision' (1) 'was contrary to, or involved an unreasonable application of, clearly established Federal law,' or (2) 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.'" *Wilson v. Sellers*, 584 U.S. 122, 138 (2018) (quoting 28 U.S.C. § 2254(d)). The Supreme Court has emphasized that "an unreasonable application of federal law is different from an incorrect application of federal law." *Harrington*, 562 U.S. at 101 (quoting *Williams v. Taylor*, 529 U.S. 362, 410 (2000)). Therefore, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id.* This is "meant to be" a "difficult

4

[standard] to meet." *Id.* at 102. Additionally, a state court's factual determinations are presumed correct on federal habeas review, 28 U.S.C. § 2254(e)(1), with review being "limited to the record that was before the state court," *Cullen*, 563 U.S. at 181, 131. Here, because the state courts adjudicated Joseph's claim on the merits, AEDPA deference applies.

### III.

In his only claim, Joseph challenges the prosecutor's failure to timely notify him of its intent to increase his misdemeanor conviction to a felony, and the state court's subsequent enhancement of his sentence under Mich. Comp. Laws § 750.81(5).

Joseph was originally charged with aggravated domestic violence, Mich. Comp. Laws § 750.81a(2), as well as first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b(1)(f) (actor causes personal injury to victim and force or coercion is used to accomplish sexual penetration), and assault with intent to do great bodily harm less than murder, Mich. Comp. Laws § 750.84. The trial court instructed the jury that it was permitted to find Joseph guilty of the lesser-included offense of domestic violence, Mich. Comp. Laws § 750.81(2). (ECF No. 15-10, PageID.1864–1865.) After the jury returned a guilty verdict for the lesser domestic violence offense, the prosecutor informed the trial court that she intended to file an enhancement notice based on Joseph's prior domestic violence convictions, increasing the 93-day misdemeanor conviction to a five-year felony. (*Id.* at PageID.1889.) Defense counsel objected to the enhancement based on insufficient notice, stating that counsel was "blindsided" by the felony enhancement. (*Id.*)

Prior to sentencing, Joseph filed an objection, arguing that the proposed amendment to the information "unfairly surprise[d] and prejudice[d]" him and contravened the jury's verdict. (ECF No. 15-11, PageID.1898–1901.) At sentencing, the trial court denied the objection, concluding that, unlike the habitual offender statute, Mich. Comp. Laws § 750.81(5) did not provide a notice requirement. (ECF No. 15-12, PageID.1926.) The court, therefore, determined that Joseph was afforded due process. (*Id.*)

On appeal, the Michigan Court of Appeals also rejected Joseph's claim. The court concluded that the prosecutor was not required to provide early notice because the "enhancement is separate and distinct from the habitual offender statutes, see MCL 769.10, MCL 769.11, MCL 769.12, and the notice requirements of those statutes do not apply, see MCL 769.13." *Joseph*, 2020 WL 7754337, at *3. The court further concluded that Jospeh failed to "demonstrate how he was unfairly surprised or prejudiced by the prosecution's request for a lesser-included offense instruction" because he conceded "that he knew of his prior convictions." *Id.*

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law.

To reiterate, Joseph's claim is that he received inadequate notice of the sentencing enhancement under Michigan law. But habeas relief may not be based upon a perceived violation of state law. *Estelle v. McGuire*, 502 U.S. 62, 67–68, 72 (1991); *see also Pulley v. Harris*, 465 U.S. 37, 41 (1984)) ("Because Petitioner alleges only errors of state sentencing law, his claims are not cognizable on habeas review.");

6

*Thibodeau v. Artis*, No. 22-1806, 2022 U.S. App. LEXIS 34942, at *9 (6th Cir. Dec. 16, 2022) (concluding that petitioner's argument that the state trial court erred in denying his motion to correct his allegedly invalid sentence was "almost exclusively a state-law claim" that is "not cognizable in habeas proceedings").

It is true, though, that a "fair sentencing procedure" is a component of Joseph's due process rights. *Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir. 2000) (citing *United States v. Anders*, 899 F.2d 570, 575 (6th Cir. 1990)). But Joseph's sentence did not violate due process. Due process requires that a defendant be given reasonable notice and an opportunity to be heard on such a sentence enhancement. *See Oyler v. Boles*, 368 U.S. 448, 452 (1962). Joseph received both.

First, Joseph received adequate notice of the enhancement. The information filed on December 26, 2018, specifically provided a "Second Offense Notice," informing Joseph that his prior convictions of domestic violence subjected him to a sentencing enhancement under Mich. Comp. Laws § 750.81(5). (ECF No. 15-14, PageID.2070.) Joseph again received notice on the final day of trial when the prosecutor expressed her intent to seek the sentencing enhancement. (ECF No. 15-10, PageID.1889.)

Although the second offense notice was provided in relation to his aggravated domestic violence charge (ECF No. 15-14, PageID.2070 (citing Mich. Comp. Laws "§ 750.81a(3) or MCL 750.81")), Joseph makes no argument as to why that notice of a potential sentence enhancement pursuant to Mich. Comp. Laws § 750.81, which expressly provides that misdemeanor convictions may also be subject to sentence enhancements (Mich. Com. Laws. § 750.81(5)), did not give him adequate notice that

7

even a misdemeanor conviction could give rise to the enhancement applied here given his prior criminal history (*id*.).

Second, Joseph had the opportunity to challenge his sentencing enhancement. Defense counsel submitted a written objection, which briefed Joseph's challenge to the enhancement. (ECF No. 15-11.) Counsel supported the objection with case law, statutes, and record citations. (*Id.* at PageID.1898–1901.) At sentencing, the trial court heard argument from both parties prior to ruling on the objection. (ECF No. 15-12, PageID.1907–1929.) And, as noted by the Michigan Court of Appeals, Joseph does not dispute that he has more than two domestic violence convictions. (ECF No. 15-14, PageID.1963.)

Thus, having received reasonable notice and an opportunity to be heard, Joseph has not shown his due process rights were violated in connection with the sentence enhancement. As a result, Joseph is not entitled to relief.

## IV.

For the foregoing reasons, the Court DENIES Joseph's petition for a writ of habeas corpus (ECF No. 1). A separate order will issue on a certificate of appealability and whether he may proceed *in forma pauperis* on appeal.

IT IS SO ORDERED.

Dated: March 10, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

8